**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RICHARD DELON DAY, JR.
ADC #88100                                                                                            **PLAINTIFF**

V.                                             5:05CV00189 JMM/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction, et al.                                           **DEFENDANTS**

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who currently incarcerated at the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction ("ADC"), has filed a *pro se* § 1983 Complaint and an Amended Complaint alleging that Defendants have violated his constitutional rights. *See* docket entries #1 and #6. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the Complaint and Amended Complaint be dismissed, with prejudice, for failing to state a claim upon which relief may be granted.

## II. Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support

of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. Plaintiff's Allegations

Plaintiff's original Complaint was seventy pages in length and raised numerous incomprehensible allegations against twelve separate Defendants. *See* docket entry #1. Accordingly, the Court ordered Plaintiff to complete an Amended Complaint form that clarified the claims he is raising against each separate Defendant. *See* docket entry #3. Plaintiff has timely filed his Amended Complaint. *See* docket entry #6.

**A.    Full Faith and Credit Violation**

First, Plaintiff contends that Defendants violated the full faith and credit clause[1] of the U.S. Constitution by failing to ensure that Arkansas inmates receive the same privileges extended to inmates incarcerated in other state and federal prisons. *See* docket entry #6. The full faith and credit clause requires a court in one jurisdiction to honor a final judgment rendered by a court from a

---

[1] The full faith and credit clause provides that: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State; And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." U.S. Const., Art. IV, § 1.

different jurisdiction. *Franchise Tax Bd. of Calif. v. Hyatt*, 538 U.S. 488, 494 (2003). In contrast, the full faith and credit clause "does not compel a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate." *Id.* (holding that Nevada was not required to extend full faith and credit to a California statute conferring immunity upon California agencies).

Obviously, Plaintiff is not contending that Defendants are failing to honor a final judgment from another jurisdiction. Instead, Plaintiff would prefer to have the privileges inmates enjoy in other state and federal prisons. However, Plaintiff committed his crime in Arkansas, which is clearly competent to enact statutes and policies establishing the prison conditions for inmates who commit crimes within its borders. Accordingly, Plaintiff's full faith and credit claim should be dismissed, with prejudice.

**B.     Eighth Amendment Violations**

Plaintiff also contends that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment in two respects: (1) serving inadequate meals; and (2) failing to provide him with insect repellant and snake proof boots. Before analyzing the merits of these two claims, it is important to note that the United States Supreme Court has held that the "Constitution does not mandate comfortable prisons" or that prisons be "free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Additionally, the Supreme Court has clarified that only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an Eighth Amendment violation. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992).

**1.     Inadequate Meals**

First, Plaintiff assert that Defendants violated the Eighth Amendment by providing him with:

(a) two, instead of three, meals on holidays; and (b) only one sandwich during lunch breaks while working on field duty. *See* docket entry #6. Under controlling Eighth Circuit authority, the Court concludes that these allegations are not sufficiently severe to constitute cruel and unusual punishment under the Eighth Amendment. *See, e.g., Roddy v. Nesbitt,* Case No. 99-4124, 242 F.3d 376 (8th Cir. Nov. 14, 2000) (unpublished opinion) (holding that an inmate's allegation that he was "denied meals on three occasions over the course of a year [did] not rise to the level of an Eighth Amendment violation");[2] *Williams v. Harness*, Case No. 99-1326, 221 F.3d 1346 (8th Cir. May 10, 2000) (unpublished opinion) (finding that the denial of one meal during the course of a day did not constitute an Eighth Amendment violation); *Gilbert v. Norris*, Case No. 99-1519, 210 F.3d 378 (8th Cir. March 24, 2000) (unpublished opinion) (finding that a prison's failure to provide an inmate with "full-course meals" did not constitute an Eighth Amendment violation). Accordingly, Plaintiff's Eighth Amendment inadequate meal claim should be dismissed, with prejudice.

### 2. Insect Repellant and Snake Proof Boots

Next, Plaintiff alleges that Defendants violated the Eighth Amendment when they failed to provide him with insect repellant and snake proof boots while he was working in the field. *See* docket entry #6. Importantly, Plaintiff contends only that he <u>could</u> have been bitten by snakes or mosquitos carrying diseases. *Id.* However, he does not contend that he actually contracted any illnesses from his mosquito bites; that he was bitten by any snakes; or that he was otherwise physically harmed by Defendants' alleged failure to provide him with insect repellant or snake proof

---

[2] In *Roddy*, the Eighth Circuit cited, with approval, *Berry v. Brady*, 192 F.3d 504, 506-08 (5th Cir. 1999), in which the Fifth Circuit held that denying an inmate eight meals over seven months did not deny the inmate "anything close to a minimal measure of life's necessities"). *Roddy*, 242 F.3d at 376.

boots. It is well settled that a prisoner cannot recover damages in the absence of a physical injury. 42 U.S.C. § 1997e(e) (providing that: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"); *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (dismissing a § 1983 claim for damages where the prisoner failed to allege that he suffered any physical injuries as a result of being exposed to raw sewage seeping from an overflowing toilet).

Plaintiff also has requested injunctive relief in regard to his insect repellant and snake proof boot claims. However, as previously explained, only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an Eighth Amendment violation. *Hudson,* 503 U.S. at 8. Applying that stringent standard, the Eighth Circuit has held that conditions far worse than those alleged by Plaintiff fail to rise to the level of an Eighth Amendment violation. *See, e.g., Phillips v. Norris*, Case No. 02-1041, 2003 WL 548715 at *3 (8th Cir. Feb. 27, 2003) (unpublished opinion) (thirty-seven days without exercise was not a constitutional violation); *Goldman v. Forbus*, Case No. 00-2462WA, 2001 WL 838997 at *1 (8th Cir. July 26, 2001) (unpublished opinion) (six nights sleeping on the floor and being sprinkled with urine was not a constitutional violation); *Smith,* 87 F.3d at 269 (8th Cir. 1996) (no constitutional violation when a pretrial detainee was subjected to raw sewage for four days); *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-84 (8th Cir. 1996) (four days without underwear, blankets, mattress, exercise, and visits not a constitutional violation); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (four days without clothes, mattress, running water, bedding, mail, hot food, and hygienic supplies not a constitutional violation); *White v. Nix,* 7 F.3d 120, 121 (8th Cir. 1993) (eleven days in an unsanitary cell did not amount to a constitutional violation). Accordingly, Plaintiff's Eighth

Amendment insect repellant and snake proof boot claims should also be dismissed, with prejudice.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Complaint (docket entry #1) and Amended Complaint (docket entry #6) be DISMISSED, WITH PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).[3]

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3),[4] that an *in forma pauperis* appeal from any Order and accompanying Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 20th day of October, 2005.

*/s/ A. Thomas Ray*
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[4] 28 U.S.C. § 1915(a)(3) provides that: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."