# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

RICHARD DELON DAY, JR.
ADC #88100                                                                                                   PLAINTIFF

V.                                             5:05CV00189 JMM/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction, et al.                                                     DEFENDANTS

## ORDER

In June of 2005, Plaintiff, who is currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), commenced this *pro se* § 1983 action raising several constitutional claims against twelve Defendants. *See* docket entries #1 and #6. In August of 2005, the Court granted Plaintiff permission to proceed *in forma pauperis*. *See* docket entry #3.

In November of 2005, the Court issued an Order and Judgment dismissing the entire case, without prejudice, because Plaintiff failed to state a claim upon which relief may be granted. *See* docket entries #12 and #13. On appeal, the Eighth Circuit concluded that Plaintiff had stated a viable inadequate nutrition claim against Defendants Larry May, Ray Hobbs, M.D. Reed, R.G. Lay, Marvin Evans, David White, Kim Luckett, Food Service Administrator John Doe #1, and ADC Dietician John Doe #2. *See* docket entries #23, #24, and #25. Accordingly, the Court remanded that single claim against those nine Defendants, and affirmed the remainder of the November 2005 dismissal. *Id.*

In light of the Eighth Circuit's holding, the Court will order the U.S. Marshal to serve the Defendants that remain in this action. However, the U.S. Marshal cannot serve Defendants John Doe #1 and John Doe #2 until their identities and correct mailing addresses are determined. *See Lee v.*

*Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993) (explaining that it is the responsibility of a prisoner proceeding *pro se* and *in forma pauperis* in a § 1983 action to provide the court and the U.S. Marshals with a proper service address for the defendants). Thus, the Court will give Plaintiff 120 days to file a "Motion for Service," which states the full names and service addresses of each of the John Doe Defendants.[1] Plaintiff is advised that if he fails to timely and properly do so, the John Doe Defendants will be dismissed from this action, without prejudice, due to a lack of service pursuant to Fed. R. Civ. P. 4(m).

IT IS THEREFORE ORDERED THAT:

1. The Clerk shall prepare a Summons for Defendants May, Hobbs, Reed, Lay, Evans, White, and Luckett, and the U.S. Marshal is directed to serve the summons, the Complaint (docket entry #1), the Amended Complaint (docket entry #6), and this Order upon those seven Defendants through the ADC Compliance Division, without prepayment of fees and costs or security therefor.[2]

2. Plaintiff shall, **within 120 days of the entry of this Order**, file a Motion for Service containing the full names and service addresses for Defendant Food Service Administrator John Doe #1 and Defendant ADC Dietician John Doe #2.

3. The Clerk is directed to indicate on the docket sheet that Defendants Larry Norris, Mike Huckabee, and the Arkansas Board of Correction have been dismissed from this action pursuant to the Court's November 4, 2005 Order and Judgment.

---

[1] Plaintiff can obtain this information by using the discovery process set forth in Fed. R. Civ. P. 27 through 37.

[2] If any of the Defendants are no longer ADC employees, the ADC Compliance Office shall file, with the return of unexecuted service, a **SEALED** Statement providing the last known private mailing address for the unserved Defendant.

Dated this 22nd day of March, 2007.

_____
UNITED STATES MAGISTRATE JUDGE